Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA MAREK, | CASE NO.: |
| Plaintiff, | SACV12 1145 JVS(RNBx) |
| v. | COMPLAINT FOR DAMAGES |
| D.SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION d/b/a LAW OFFICE OF SCOTT CARRUTHERS, and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, D.SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION d/b/a LAW OFFICE OF SCOTT CARRUTHERS, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California.
3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Stanton, California.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it resides and regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by Plaintiff to one Cash Call.
7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

### Count One

8. Plaintiff realleges paragraphs 1 through 7 as if fully restated herein.
9. That on or about April 2, 2012, Defendant and/or its agent(s) called Plaintiff at her workplace.
10. That during said communication, Defendant stated there was a "pending lawsuit" from Cash Call.
11. That during said communication, Defendant stated that in order to avoid "further action," Plaintiff immediately needed to pay $3,900.28.

12. That during said communication, Defendant insisted that Plaintiff disclose credit card information because he could not ensure that Plaintiff's case would still be on his desk.
13. That Defendant, in an attempt to further pressure Plaintiff, warned her that "the lawyer" was going to have to make a decision by the end of the day.
14. That Plaintiff requested that Defendant refrain from calling and threatening her at her place of employment.

## Count Two

15. Plaintiff realleges paragraphs 1 through 14 as if fully restated herein.
16. That on or about April 2, 2012, subsequent to Defendant's conversation with Plaintiff, Defendant called Plaintiff's co-worker in an attempt to collect the alleged debt.
17. That during said communication, Defendant notified Plaintiff's co-worker that he urgently needed to get a hold of Plaintiff.
18. That Defendant demanded that Plaintiff's co-worker bring her to the telephone, otherwise he would appear at Plaintiff's workplace.

## Count Three

19. Plaintiff realleges paragraphs 1 through 18 as if fully restated herein.
20. That on or about April 3, 2012, Defendant called Plaintiff at her place of employment, spoke to Plaintiff's manager, and falsely represented his identity by stating that he was calling for a reference in regards to a "sales application" that Plaintiff had submitted.
21. That despite Plaintiff's request that he cease from calling her at work, Defendant called Plaintiff at her place of employment.

*Count Four*

22. Plaintiff realleges paragraphs 1 through 21 as if fully restated herein.

23. That on or about April 3, 2012, Plaintiff returned Defendant's call and again asked that he no longer call her co-workers and ask them any further questions.

24. That Defendant went on to say, "Oh so you did get my message I left with Ted yesterday and still didn't call me back. Were you also standing beside him like you were standing by Lucy (manager) when I talked to her just now?"

25. That Plaintiff requested that Defendant provide documentation regarding the debt.

26. That Defendant threatened and mocked Plaintiff by telling her,

> "Yeah right, you didn't' say anything about this yesterday. We're not going to send you anything in writing because you know you owe this debt. Do you want 25% of the $18.75 you make garnished?! Because that's what will happen! I can send the Sherriff out to your work and embarrass you in front of all of your co-workers! Do you want that?"

27. That Defendant accused Plaintiff of refusing to pay.

28. That Plaintiff responded that she was not refusing to pay, but clarified that she would like something in writing with more information regarding this debt, and request validation.

29. That Defendant again refused to release documentary information to Plaintiff.

30. That as a result of Defendant's threats and abusive comments, Plaintiff began trembling in her cubicle.

31. That when Plaintiff asked to speak to a supervisor, Defendant transferred Plaintiff over to another agent who misrepresented herself as a supervisor, which was evident when Defendant stated, "You'll have to speak to his manager about that after we're finished."

32. That Plaintiff requested validation from said "supervisor".

33. That Defendant deceptively informed Plaintiff that she would only be provided with validation only after receiving payment.
34. That Plaintiff was forced to disclose personal and private information and was pressured into making monthly payments of $50.00 after Defendant threatened to have her wages garnished.

*Count Five*

35. Plaintiff realleges paragraphs 1 through 34 as if fully restated herein.
36. That on or about May, 2012, Defendant called Plaintiff and left Plaintiff voice messages in an attempt to collect the aforementioned debt.
37. That in said messages, Defendant's agent instructed Plaintiff "to contact Kathy at the attorney's office of D. Scott Carruthers; 18004958682."
38. That during said communications, Defendant's agents did not state they were debt collectors calling to collect as required by 15 U.S.C. 1692 e(11).
39. That said phone conversations contained language demonstrating false statements and threatening implications, including imminent threats to take actions that cannot or would be taken.
40. That the communications caused an unnecessary urgency in attempt to coerce the Plaintiff to pay the alleged debt.
41. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (b), (c), (d), (e), (f) and (g) in that the representations made by the Defendant are harassing, confusing, misleading, deceptive, threatening, unfair and fail to advise Plaintiff (the consumer) of her legal rights as required by law.

    i.  That the Defendant's conduct violates 15 U.S.C. §1692b because: 1) the Defendant communicated with third parties for a purpose other than to acquire location information and 2) the Defendant's agents did not state that they were confirming or correcting location information;
    ii. The Defendant violated 15 U.S.C. § 1692c because the Defendant communicated with the Plaintiff's co-workers, third parties, in an attempt

to collect a debt;

iii. Defendant violated 15 U.S.C. §1692d by using language the natural consequence of which is to abuse and harass the Plaintiff and by placing several phone calls to Plaintiff without giving meaningful disclosure of the caller's identity;

iv. Defendant violated 15 U.S.C. §1692e by using false representations and deceptive means to collect the alleged debt and obtain information concerning Plaintiff which includes, but is not limited to: false representation of the character, amount, or legal status of any debt; false representation or implication that nonpayment of any debt will result in garnishment and by failing to disclose in communications that the communication is from a debt collector;

v. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

vi. Defendant violated 15 U.S.C. § 1692g by failing to provide the Plaintiff with written notice as required by law.

42. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

43. That following Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, extreme humiliation and sleepless nights.

44. That as a result of Defendant's communication with Plaintiff's co-workers and Defendant's multiple attempts to reach Plaintiff at her place of employment, Defendant has caused Plaintiff stress at work and has caused her to lose her concentration. That Plaintiff experiences migraines and symptoms of nervousness and has become fearful of performing her duties, which include answering phone calls, due to the excessive calls made by Defendant.

45. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the

Defendant is liable to Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

46. Plaintiff realleges paragraphs 1 through 45 as if fully restated herein.

47. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

48. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation: a) The Defendant has violated §1788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector; b) By contradicting and overshadowing the consumers rights and failing to clearly and properly advise of debt collection notices required by law; c) By making false and deceptive representations deceptively and unlawfully threatened actions which can not legally be taken.

49. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

50. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

51. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial as to the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d) For such other and further relief as may be just and proper.

(e) Plaintiff requests trial by jury on all issues so triable.

Dated: July 10, 2012

AMIR J. GOLDSTEIN, ESQ.

Amir J. Goldstein
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV12- 1145 JVS (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| REBECCA MAREK, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV12 1145 JVS(RNBx) |
| v. | |
| D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION d/b/a LAW OFFICE OF SCOTT CARRUTHERS, and DOES 1 through 10 incl. | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Amir J. Goldstein, Esq._, whose address is _5455 Wilshire Boulevard, Suite 1812 Los Angeles, CA 90036_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 13 2012

Clerk, U.S. District Court

Dated: _____

By: __JULIE PRADO__
Deputy Clerk

(Seal of the Court)    1154

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
REBECCA MAREK

**DEFENDANTS**
D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION d/b/a LAW OFFICE OF SCOTT CARRUTHERS, and DOES 1 through 10 inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812, Los Angeles, CA 90036
Tel 323.937.0400

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq; violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | **SOCIAL SECURITY** |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | | | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

SACV12 1145

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_     Date 7/10/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |